QUESTION: Does the Municipal Home Rule Powers Act, Ch. 73-129, Laws of Florida (Ch. 166, F.S.), affect the power of the state legislature to amend special acts concerning municipal and county employees?
SUMMARY: The Municipal Home Rule Powers Act, Ch. 166, F.S., has not affected the power of the state legislature to amend existing special acts or to otherwise appropriately enact special legislation concerning municipal employees. The state legislature retains the legislative power, unaffected by the Municipal Home Rule Powers Act, Ch. 166, F.S., to appropriately enact special legislation, including amendments of existing special acts, which concerns the employees of a charter and noncharter county provided that, with respect to special legislation applying to charter counties, the approval of the county electorate is obtained. The Municipal Home Rule Powers Act, 73-129, Laws of Florida, adopting a revised Ch. 166, F.S., gives broad home rule powers to municipalities. It provides that, with specific exceptions, municipalities may enact any legislation concerning any subject upon which the state legislature may act. Attorney General Opinions 073- 267, 073-276, and 074-18. (It might be noted that certain provisions of said Ch. 73-129 have been challenged as unconstitutional, and an appeal is pending before the Supreme Court of Florida.) Pertinent provisions of the Municipal Home Rule Powers Act relating to your inquiry are in s. 166.021(4) and (5), F.S. Section 166.021(4) provides in pertinent part that . . . nothing in this act shall be construed to permit any changes in a special law or municipal charter which affect . . . any rights of municipal employees, without approval by referendum of the electors, as provided in s. 166.031. Any other limitation of power upon any municipality contained in any municipal charter enacted or adopted prior to July 1, 1973, is hereby nullified and repealed. Section 166.021(5) reads as follows: All existing special acts pertaining to the power or jurisdiction of a particular municipality except as otherwise provided in subsection (4) of this section shall become an ordinance of that municipality on the effective date of this act, subject to modification or repeal as other ordinances. With respect to the effect of these provisions on the authority of the state legislature, the home rule article of the Florida Constitution, Article VIII, has expressly reserved to the state legislature the power to adopt special laws relating to municipalities. See Art. VIII, s. 2(b), delegating full home rule powers to municipalities "except as otherwise provided by law," and Art. VIII, s. 2(a), providing that municipalities "may be established or abolished and their charters amended pursuant to general or special law." Thus, the fact that a special law or charter act provision may have been repealed or made an ordinance pursuant to the foregoing provisions of s.166.021, F.S., will not — as it cannot — prevent the state legislature from adopting appropriate legislation relating to the particular matter covered by the statute or ordinance. See Sutherland Statutory Construction s. 22.02, p. 107, to the effect that a legislature cannot limit the legislative power of a subsequent legislature [except as may be constitutionally provided. See Art. III, s. 11(a)(21), State Const.]. See also Straughn v. Camp Case No. 42,437 (Fla. S.Ct., filed March 7, 1974), pending rehearing as of May 1, 1974, in which it was generally stated that one legislature cannot bind its successors with respect to an exercise of the taxing power. Similarly, provisions in a special law or municipal charter — such as provisions affecting the rights of municipal employees — which are saved from repeal or amendment by municipal ordinance unless approved by vote of the local electorate may be repealed or amended by special act of the state legislature. In sum, the Municipal Home Rule Powers Act, Ch. 166, supra, has not affected the power of the state legislature to amend existing special acts or to otherwise appropriately enact special legislation concerning municipal employees. See Art. III, ss. 10 and 11, State Const., for constitutional provisions pertaining to the enactment of special laws. As to county employees, the situation is different, since the Municipal Home Rule Powers Act, Ch. 166, supra, relates to the home rule powers of municipalities and not to those of counties. Pursuant to Art. VIII, s. 1(c), State Const., a county may become a charter county pursuant to general or special law; and Art. VIII, s. 1(g), id., declares that counties operating under county charters "shall have all powers of local self-government not inconsistent with general law, or with special law approved by vote of the electors." Moreover, a county charter adopted pursuant to general or special law may be amended or repealed only upon vote of the electors of the county. Article VIII, s. 1(c). With respect to charter counties, therefore, the Florida Constitution has reserved to the state legislature the power to legislate by general law in matters of statewide concern, and by special law in matters of local interest subject to the approval of the local electorate. In either event, the provisions of a county's home rule charter will be superseded by the provisions of the duly adopted subsequent law. Attorney General Opinion 071-109. As a result, the state legislature may enact special legislation, including amendments of existing special acts, which concern the employees of a charter county, upon approval by the county electorate. In comparison, the boards of county commissioners of noncharter counties may enact county ordinances "not inconsistent with general or special law." Article VIII, s. 1(f), id. Thus, the state legislature may enact special legislation, including amendments of existing special acts, which concerns employees of a noncharter county provided the constitutional provisions pertaining to the enactment of special laws are followed. Article III, ss. 10 and 11, id.; see also s.121.191, F.S., which prohibits any special act or general law of local application which proposes to amend, alter, or contravene the provisions of any state-administered retirement system or any state-supported retirement system established by general law and Art. III, s. 11(a)(21), id., requiring a three-fifths vote of both houses of the state legislature to amend or repeal a general law passed by three-fifths vote, as was s. 121.191, pursuant to s. 4, Ch. 72-388, Laws of Florida. Finally, it should be noted that Ch. 71-29, Laws of Florida, repeals many general laws of local application. All such repealed laws affecting particular counties have become ordinances of those counties, subject to modification or repeal as other ordinances. Section 3(2), Ch. 71-29. All such repealed laws affecting particular municipalities have become ordinances of those municipalities, subject to modification or repeal as other ordinances. Section 3(3), Ch. 71-29. Therefore, analogous in part to the situation with respect to Ch. 73-129, supra, the law to be amended may have thus become an ordinance or been repealed by a county or municipality. Again, however, Ch. 71-29 does not alter the state legislature's power to appropriately enact new superseding special legislation concerning municipal and county employees. Cf. AGO 071-109.